**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DANAE MENDEZ-ARRIOLA, M.D.

    Plaintiff,

v.                                                 Case No. 3:09cv495/MCR/EMT

WHITE WILSON MEDICAL CENTER PA,
et al.

    Defendants
_____/

**O R D E R**

Plaintiff, Danae Mendez-Arriola, M.D., has sued White Wilson Medical Center, P.A.; White Wilson Properties Partnership; WW Real Estate, LLC; Douglas W. Rigby, M.D.; and Alan L. Gieseman for disability discrimination, sex discrimination and retaliation under federal and state law; and breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty under state law in connection with her removal as a Shareholder/Employee of White Wilson Medical Center, P.A. and as a Partner/Investor in White Wilson Properties Partnership.[1]  Presently before the court is the Defendants' motion for a more definite statement (doc. 25).  For the reasons given below, the Defendants' motion will be granted.

**Discussion**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  If the claim "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement.  Fed. R. Civ. P. 12(e).

---

[1] According to the complaint, White Wilson Properties Partnership owned the real property on which the medical center operated its business; WW Real Estate, LLC purchased the property from White Wilson Properties in 1997; at all times pertinent to the complaint, Dr. Rigby was the President of the medical center, a partner in White Wilson Properties, and a "Manager/Member" of WW Real Estate; Gieseman was the Chief Executive Officer of the medical center.

According to the Defendants, Dr. Mendez's complaint is a "shotgun" pleading to which it cannot properly respond. A "shotgun" pleading is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996). The Eleventh Circuit has criticized "shotgun" pleadings on numerous occasions. *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Anderson*, 77 F.3d at 366. In *Magluta,* the court rejected the complaint as a "shotgun" pleading where each count incorporated by reference numerous paragraphs of general factual allegations, as well as the allegations of preceding counts. *See Magluta*, 256 F.3d at 1284. As the court explained, "the result is that each count is replete with factual allegations that could not possibly be material to that specific count, and [] any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.* In this case, similar to the complaint in *Magluta*, each of the eighteen counts of Dr. Mendez's complaint incorporates one hundred and six paragraphs of general allegations, many of which are plainly immaterial to that specific count.[2]

The Defendants' position is well taken. The court finds that a more definite statement will enable the Defendants to respond to Dr. Mendez's claims. Accordingly, the Defendants' Motion for a More Definite Statement (doc. 25) is GRANTED.

**DONE and ORDERED** this 21st day of January, 2010.

                s/ *M. Casey Rodgers*
                **M. CASEY RODGERS**
                **UNITED STATES DISTRICT JUDGE**

---

[2] The court notes that, unlike in *Magluta*, the counts in Dr. Mendez's complaint do not incorporate the allegations of all preceding counts. Nonetheless, the court finds that, even if the drafting and language of Mendez's complaint is less egregious than that in some other "shotgun" complaints, it is enough to warrant a more definite statement.

Case No: 3:09cv345/MCR/EMT